IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NICOLE RENA MCCREA, | * | |
| Plaintiff, | * | |
| | * | Civil Action No. RDB-18-2490 |
| v. | * | |
| WELLS FARGO, *et al.*, | * | |
| Defendants. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM ORDER

On June 17, 2019, this Court granted four Motions to Dismiss filed by the Defendants in this matter, Wells Fargo Bank, N.A. ("Wells Fargo"); Mark S. Devan, Thomas P. Dore, Brian S. McNair, and Angela Nasuta (collectively, the "Substitute Trustees"); and DSDJ Properties and Daniel Wilson ("Wilson") (collectively, the "Defendants") and dismissed with prejudice all claims asserted by Plaintiff Nicole Rena McCrea ("Plaintiff" or "McCrea"). Now pending is McCrea's self-styled Rule 59(e) and 60(b) Motion for Relief from the June 17, 2019 Order of Dismissal (ECF No. 39) (hereinafter, the "Motion for Reconsideration"). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, McCrea's Motion for Reconsideration (ECF No. 39) is DENIED.

## BACKGROUND

The facts of this case have been discussed at length in a previous Memorandum Opinion. (ECF No. 37.) In sum, McCrea alleges that Wells Fargo improperly administered the Home Affordable Modification Program ("HAMP"), a mortgage assistance program

established by the Treasury Department under the Troubled Asset Relief Program ("TARP"). *See Allen v. CitiMortgage, Inc.*, CCB-10-2740, 2011 WL 3425665, at *1 (D. Md. Aug. 4, 2011) (explaining the history of the program). In 2010, Wachovia Mortgage[1] and McCrea agreed to a mortgage loan modification under HAMP guidelines. (Compl. at ¶ 15.) In June 2014, McCrea defaulted on the modified loan. (*Id.* at ¶ 17.) Wells Fargo subsequently denied McCrea's repeated requests for a second loan modification under HAMP. (*Id.* at ¶ 18.) McCrea alleges that Wells Fargo's denials were unreasonable, and that they frequently rejected her modification applications by sending her "various unwarranted addendums asking [her] to articulate and/or clarify one or two random and trivial items in her modification application." (*Id.* at ¶ 24.)

On May 23, 2016, Wells Fargo sent McCrea a Notice of Intent to Foreclose and appointed the Substitute Trustees. (*Id.* at ¶ 27.) On October 19, 2016, the Substitute Trustees initiated a foreclosure action in the Circuit Court for Charles County captioned *Devan, et al. v. McCrea*, case number 08-c-16-002735. (*Id.* at ¶ 28.) During foreclosure proceedings, Wells Fargo continued to deny McCrea's request for HAMP assistance. (*Id.* at ¶¶ 33-43.)

In January 2017, Wells Fargo offered McCrea a proprietary loan modification, and she began making trial payments under a Trial Payment Plan. (*Id.* at ¶¶ 37-48.) On April 17, 2017, Wells Fargo provided McCrea with instructions for finalizing the loan modification. (*Id.* at ¶ 49.) The instructions required her to sign a loan modification agreement by May 2, 2017, or else Wells Fargo would be "unable to complete the modification" and could resume collection

---

[1]     Wells Fargo acquired Wachovia in 2008. *See McCrea v. Devan, et al.*, No. 1320, 2019 WL 1200732, at *2 n.2 (Md. Ct. Spec. App. March 13, 2019).

communications and legal proceedings. (*Id.*) On the May 2, 2017 deadline, McCrea informed Wells Fargo that she would be seeking an "independent review" of the proposed Loan Modification Agreement. (*Id.* at ¶ 51.) The next day, McCrea filed a complaint with the United States Department of Housing and Urban Development and the Consumer Financial Protection Bureau accusing Wells Fargo of committing fraud by, *inter alia*, refusing her requests for a HAMP modification. (*Id.* at ¶ 52.) Between May 3, 2017 and June 20, 2017, Wells Fargo representatives called her "at least three times a week and often twice a day" seeking her signature on the April 17, 2017 modification agreement. (*Id.* at ¶ 54.) In response, McCrea accused Wells Fargo of harassment. (*Id.*)

The foreclosure action resumed in the summer of 2017. In July 2017, the Substitute Trustees filed a bond with the Circuit Court for Charles County, Maryland and a foreclosure sale was scheduled for August 11, 2017. (*Id.* at ¶¶ 61-62.) On August 9, 2017, McCrea filed an Emergency Motion to Stay and Dismiss Foreclosure Sale in which she asserted numerous state and federal causes of action as purported defenses to the foreclosure action. (Substitute Trustees Ex. 2, ECF No. 33-3.) The Circuit Court denied McCrea's motion, and her home was subject to a foreclosure sale on August 11, 2017. (*Id.* at ¶ 70.) Subsequently, McCrea appealed to the Maryland Court of Special Appeals. The Court of Special Appeals affirmed the Circuit Court, finding that McCrea's motion "failed to allege with particularity the factual bases of the defenses asserted against the validity of the lien or lien instruments and the right of the Trustees to foreclose." *McCrea v. Devan*, No. 1320, Sept. Term, 2017, 2019 WL 1200732, at *8 (Md. Ct. Spec. App. March 13, 2019), *cert. dismissed* 464 Md. 21 (June 21, 2019).

While McCrea challenged the foreclosure in state court, she also pressed claims in this Court. On August 13, 2018, McCrea initiated this action *pro se.* Just as in state court, McCrea asserted a laundry list of claims presented in a single paragraph, as follows:

> Based on the above mentioned actions of Wells Fargo and the Substitute Trustees, the Plaintiff asserts causes of action and/or claims under: Title VI Discrimination; Title VI Retaliation, Fair Housing Act Discrimination; Fraud in the Inducement; Detrimental Reliance; Substantive Unconscionability; Procedural Unconscionability; Misrepresentation under Maryland Consumer Protection Act; Material Omission under Maryland Consumer Protection Act; Common Law Fraudulent Misrepresentation; Reformation of the Mortgage; Material Omission under Maryland Mortgage Fraud Protection Act; Material Misrepresentation under Maryland Mortgage Fraud Protection Act; Violation of Maryland Consumer Debt Collection Act; Violation of Maryland Real Property Article; Common Law Breach of Contract; Misrepresentation under the Fair Debt Collections Practices Act against Wells Fargo; Misrepresentation under the Fair Debt Collections Practices Act against Plaintiffs; Violation of the Equal Credit Opportunity Act; Violation of the Maryland Equal Credit Opportunity Act; Violation of the Truth in Lending Act; Violation of the Real Estate Settlement Procedures Act ("RESPA"). 12 C.F.R. § 1024.41 (Regulation X of RESPA) Violation of Regulation X of the RESPA.

(Compl. ¶ 98.)

In sum, McCrea listed over twenty common law and statutory causes of action without any explanation of their relevance to her factual allegations.

On June 17, 2019, this Court issued a Memorandum Opinion and Order granting the Defendants' Motions to Dismiss and dismissing McCrea's claims with prejudice. (ECF No. 37, 38.) This Court held that McCrea's claims failed because they were premised on her unsuccessful applications for a second HAMP mortgage loan modification, for which there is no private cause of action and that she otherwise failed to adequately plead any of her two-dozen causes of action. (ECF No. 37 at 12-14.) As an alternative basis for dismissal, this Court determined that McCrea's claims were barred by the doctrine of *res judicata.* (*Id.* at 15-

18.)  McCrea filed a Motion for Reconsideration (ECF No. 39) on July 15, 2019 which all

Defendants oppose.

## STANDARD OF REVIEW

McCrea's Motion for Reconsideration is brought under both Rules 59(e) and 60(b) of

the Federal Rules of Civil Procedure.  Rule 59(e) authorizes a district court to alter, amend, or

vacate a prior judgment, and Rule 60 provides for relief from judgment. *See Katyle v. Penn Nat'l*

*Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011).  As this

Court explained in *Cross v. Fleet Reserve Ass'n Pension Plan*, WDQ-05-0001, 2010 WL 3609530,

at *2 (D. Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief
> from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59(e) & 60(b).  A motion
> to alter or amend filed within 28 days of the judgment is analyzed under Rule
> 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59(e);
> *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re
> Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

(footnote omitted).  McCrea filed her Motion within 28 days of this Court's Order granting

the Defendants' Motions to Dismiss.  Accordingly, Rule 59(e) governs this Court's analysis.

*See, e.g., Knott v. Wedgwood*, DKC-13-2486, 2014 WL 4660811, at *2 (D. Md. Sept. 11, 2014)

("Although Plaintiff purports to bring his motion for reconsideration under Rule 60(b)(1),

because it was filed within twenty-eight days of entry of the underlying order, it is properly

analyzed under Rule 59(e).")

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized

that a final judgment[2] may be amended under Rule 59(e) in only three circumstances: (1) to

---

[2]     Rule 59(e) applies only to final judgments. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d
1462, 1469 (4th Cir. 1991).

accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g., Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008); *see also Fleming v. Maryland National Capital Park & Panning Commission*, DKC-11-2769, 2012 WL 12877387, at *1 (D. Md. Mar. 8, 2012). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *see also Kelly v. Simpson*, RDB-16-4067, 2017 WL 4065820, at *1 (D. Md. Jan. 26, 2017). Moreover, "[t]he district court has considerable discretion in deciding whether to modify or amend a judgment." *Fleming*, 2012 WL 12877387, at *1.

## ANALYSIS

### I. Plaintiff is not entitled to relief under Rule 59(e).

Under Rule 59(e), Plaintiff must demonstrate that an amendment to the Court's prior decision is warranted (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g., Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008). Plaintiff's only argument for alteration or amendment under Rule 59(e) is that the Court erred by observing that she "acknowledge[d] that she rejected Wells Fargo's efforts to offer her additional assistance outside of HAMP." (ECF No. 39-1 at 4.)

The observation was not an error and does not warrant an amendment to this Court's prior rulings. Plaintiff alleged that she filed a complaint with the United States Department of Housing and Urban Development and the Consumer Financial Protection Bureau instead

of signing a loan modification agreement with Wells Fargo. (*Id.* at ¶ 52.) This action is tantamount to a rejection of Wells Fargo's offer to modify her loan terms outside of the HAMP program. Moreover, Plaintiff's allegations concerning Wells Fargo's proprietary loan modification offer was presented by way of background only and did not affect this Court's analysis. This Court held that McCrea's claims merited dismissal because they were premised on her failed attempt to acquire a second HAMP loan modification, did not satisfy the pleading standards of Rule 8, and that her claims had already been litigated in state court. These rulings did not depend upon McCrea's admission that she had rejected Wells Fargo's offer of a proprietary loan. Accordingly, Plaintiff is not entitled to relief under Rule 59(e).

## II.    Plaintiff is not entitled to relief under Rule 60(b).

Plaintiff also seeks relief under Rules 60(b)(1), (3), and (6). Although Plaintiff's Motion is governed by Rule 59(e), this Court will consider these arguments because of Plaintiff's *pro se* status. To support a motion under Rule 60(b), the moving party must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Buholtz v. Carroll*, 709 F. App'x 177, 177-78 (4th Cir. 2013) (quoting *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). Once these threshold requirements are met, the moving party must then satisfy one of the six sections of Rule 60(b). *Dowell*, 993 F.2d at 48. Rule 60(b)(1) requires a showing of mistake, inadvertence, surprise, or excusable neglect. Rule 60(b)(3) requires the moving party to demonstrate that the opposing party engaged in fraud, misrepresentation or other misconduct. Rule 60(b)(6) is a "catch-all provision" which permits the court to re-open a case for "any other reason that justifies relief." *See Moses v. Joyner*, 815 F.3d 163, 167-68 (4th Cir. 2016).

## A. Plaintiff has failed to show excusable neglect under Rule 60(b)(1).

This Court's prior Opinion noted Plaintiff's expressed intention to file a Motion for Leave to File an Amended Complaint, and that she had failed to do so despite the elapse of several months. In her Motion for Reconsideration, Plaintiff argues that her failure to propose an amendment resulted from excusable neglect. To determine whether a party has demonstrated excusable neglect, this Court must consider "(1) the danger of prejudice to the non-movant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Gelin v. Balt. Cnty, Md.*, ADC-16-3694, 2019 WL 1546849, at *8 (D. Md. Apr. 9, 2019) (quoting *Marshall v. Marshall's TJX Cos., Inc.*, WMN-15-0555, 2016 WL 1366025, at *1 (D. Md. Apr. 6, 2016)). The "most important factor" is the reason provided for the delay. *Id.*

Plaintiff complains that she did not have time to file an Amended Complaint because this Court ordered her to respond to the Defendants' pending motions to dismiss. (ECF No. 39-1 at 6-7.) She also represents that she was unable to file an amendment because she was assisting her mother with a medical emergency. (*Id.* at 8.) Neither of these arguments are availing. The Clerk of Court sent several notices to Plaintiff indicating that Motions to Dismiss were pending and that her failure to respond to the Motions may result in dismissal of her case. (ECF Nos. 16, 17, 21, 34.) These notices were not orders to file responses, but rather warnings that the failure to respond would have negative consequences. As to the medical issues affecting Plaintiff's mother, there is no indication that these issues were so severe that they precluded Plaintiff from filing an Amended Complaint. Finally, as this Court indicated

previously, any amendment to Plaintiff's pleading would have been futile because HAMP does not provide a private cause of action and her claims are barred by *res judicata*.

### B. Plaintiff has failed to demonstrate that she was unable to litigate her claims due to Defendants' alleged fraud.

To prevail under Rule 60(b)(3), the moving party must establish the following: (1) that she had a meritorious defense; (2) the moving party must prove by clear and convincing evidence that the opposing party engaged in misconduct; and (3) that "the misconduct prevented the moving party from fully presenting [her] case." *Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994). To meet this standard, Plaintiff argues that "Wells Fargo's software contained calculation errors that caused borrowers in permanently modified HAMP loans, entitled to receive . . . loss mitigations under the HAMP program, to be denied HAMP loss mitigation." (ECF No. 39-1 at 9.) She argues that Wells Fargo concealed these software errors from her, preventing her from fully litigating this action. (*Id.* at 8-14.)

Wells Fargo's alleged software glitches do not counsel reopening this case under Rule 60(b)(3). Plaintiff offers no indication that these software problems affected her pursuit of a second HAMP loan. She also fails to explain how, precisely, Wells Fargo's alleged concealment of its software errors prohibited her from litigating her claim. Plaintiff appears to have been aware of these software problems during the pendency of this litigation because she referenced them in her prior submissions, before this Court made its rulings on the Motions to Dismiss. (*See, e.g.*, ECF No. 35 at 5-6.) She could have moved to amend her Complaint to include these allegations, but failed to do so. Accordingly, Defendants' alleged fraudulent concealment of calculation errors does not warrant re-opening this case.

9

### C. Plaintiff has failed to show the extreme circumstances required to warrant relief under Rule 60(b)(6).

Relief under Rule 60(b)(6) is only appropriate "under extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Gelin*, 2019 WL 1546849, at \*9 (quoting *Trs. Of Painters' Tr. Fund of Washington, D.C. v. Clabbers*, DKC-02-4063, 2010 WL 2732241, at \*5 (D. Md. July 9, 2010)). Plaintiff attempts to satisfy this standard by advancing several meritless contentions. She argues that state court proceedings are still pending and that she plans to submit additional appeals to Maryland's highest court and the United States Supreme Court; that she has suffered irreparable injury by being denied a fair trial in violation of due process of law guaranteed by the Fifth and Fourteenth Amendments; and that this Court made improper inferences concerning her diligence in pursuing this matter. (ECF No. 39-1 at 14-18.)

None of these assertions indicate that Plaintiff has suffered "extreme and unexpected" hardship warranting relief under Rule 60(b)(6). While Plaintiff may intend to pursue additional review before the Maryland Court of Appeals and, ultimately, the United States Supreme Court, these pursuits do not counsel re-opening this case. Additionally, Plaintiff's contention that she has been deprived due process is meritless on its face. Plaintiff has litigated her claims for many years and sought relief before several courts, during which time her claims have been given thoughtful consideration. She has not been deprived due process merely because she has lost her case. Finally, this Court has not entertained any improper inferences concerning Plaintiff's diligence. Instead, this Court merely observed that Plaintiff had indicated an intent to file an Amended Complaint but never did so. Accordingly, Plaintiff is not entitled to relief under Rule 60(b)(6).

10

For these reasons, it is HEREBY ORDERED this 7th day of October, 2019 that:

1.  Plaintiffs' Rule 59(e) and 60(b) Motion for Relief from the June 17, 2019 Order of

    Dismissal (ECF No. 39) is DENIED;

2.  The Clerk of Court shall transmit a copy of this Order to counsel of record.

_____
Richard D. Bennett
United States District Judge